ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS (AAA)<br><br>Parte Peticionaria<br><br>v.<br><br>UNIÓN INDEPENDIENTE AUTÉNTICA DE EMPLEADOS DE LA AAA (UIA)<br><br>Parte Recurrida | TA2026CE00763 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K AC2017-0220 (901)<br><br>Sobre: Impugnación de Laudo |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de junio de 2026.

Compareció ante este Tribunal la parte peticionaria, la Autoridad de Acueductos y Alcantarillados de Puerto Rico (en adelante, "AAA" o "Peticionaria"), mediante petición de *certiorari* presentada el 15 de junio de 2026. Nos solicitó la revocación *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI") el 17 de abril de 2026. Mediante el referido dictamen, el TPI declaró "No Ha Lugar" un recurso de revisión interpuesto por la AAA, confirmó un laudo emitido el 30 de enero de 2017 y ordenó el pago de una cuantía adicional equivalente a la suma dejada de pagar por concepto de bono de Navidad.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del recurso de *certiorari* ante nuestra consideración.

## I.

El caso de autos se originó el 28 de noviembre de 2016, cuando la Unión Independiente Auténtica de Empleados de la AAA (en adelante, "UIA" o "Unión"), en representación de su matrícula, presentó una "**Querella**" contra la AAA por razón de un alegado incumplimiento con las disposiciones del Convenio Colectivo y de la Estipulación suscrita entre las partes el 13 de septiembre de 2014, al amparo de la Ley Núm. 66-2014, según enmendada, conocida como la "Ley Especial de

Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico", 3 LPRA secs. 901 *et seq.*

Luego de varios trámites procesales, incluyendo la celebración de una vista, el 30 de enero de 2017, el árbitro que presidió los procedimientos emitió un *Laudo* mediante el cual determinó que la AAA infringió las disposiciones del Convenio Colectivo 2012-2015 y de la Estipulación suscrita el 13 de septiembre de 2014, al haber satisfecho a los empleados unionados una cantidad inferior a la pactada por concepto de bono de Navidad. En consecuencia, ordenó el pago de la diferencia adeudada, más los intereses legales correspondientes, una suma adicional equivalente a la cantidad dejada de satisfacer, por concepto de de compensación adicional, y los honorarios de abogado.

Inconforme con dicha determinación, la AAA presentó una petición de revisión de laudo ante el foro de instancia, a la cual la Unión se opuso. Posteriormente, el 28 de marzo de 2022, las partes presentaron una "**Moción Conjunta Solicitando se dicte Sentencia Parcial y para que se Ordene la Continuación de los Procedimientos sobre la única Controversia pendiente a la luz de los Acuerdos entre las Partes**". Mediante dicha comparecencia, informaron haber alcanzado acuerdos en torno a una parte sustancial de la controversia, por lo que convinieron que la AAA satisfaría las cantidades correspondientes al bono de Navidad de los años 2015 y 2016 conforme a lo dispuesto en el Convenio Colectivo. Así, únicamente permaneció pendiente de adjudicación la controversia relacionada con la penalidad doble impuesta en el *Laudo*. A tenor con lo anterior, el 22 de noviembre de 2022, el foro primario dictó *Sentencia Parcial* acogiendo los acuerdos informados e incorporándolos a su dictamen.

En este contexto, el 18 de junio de 2022, el TPI emitió *Sentencia* en el caso Autoridad de Acueductos y Alcantarillados v. Unión Independiente Auténtica de Empleados de la AAA, caso núm. K AC2016-0024, mediante la cual resolvió una controversia sustancialmente análoga a la aquí planteada. Según surge del expediente, la única distinción relevante entre ambos litigios consistía en que aquel versaba sobre el bono de Navidad correspondiente al año 2015, mientras que el presente caso se relaciona con el bono correspondiente al año 2016. Inconforme

con dicha determinación, la AAA acudió ante este Tribunal mediante recurso de *certiorari*, cuya expedición fue denegada por un panel hermano de este foro apelativo.

Más adelante, el 2 de febrero de 2024, la Unión presentó una moción mediante la cual expresó no tener objeción a que se dictara sentencia conforme a lo resuelto en el referido caso, por tratarse de la misma controversia de derecho entre las mismas partes. En respuesta, el 20 de febrero de 2024, la AAA presentó una "**Moción en Cumplimiento de Orden**", en la que sostuvo, en síntesis, que ni la determinación emitida por este Tribunal ni la posterior actuación del Tribunal Supremo en dicho caso resultaban vinculantes para la controversia de autos, por lo que procedía una evaluación independiente del derecho aplicable al caso de epígrafe.

Finalmente, el 17 de abril de 2026, el foro *a quo* dictó *Sentencia* mediante la cual confirmó el *Laudo* emitido el 30 de enero de 2017. En consecuencia, declaró "No Ha Lugar" la solicitud de revisión y ordenó el pago de una suma adicional equivalente a la cantidad dejada de satisfacer por concepto del bono de Navidad, al amparo de las disposiciones de la Ley Núm. 180-1998, *infra*.

Aún inconforme con dicha determinación, la AAA compareció ante este Tribunal mediante el recurso de epígrafe y señaló la comisión de los siguientes errores:

> PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER DEFERENCIA A LAS CONCLUSIONES DE DERECHO CONTENIDAS EN EL LAUDO DE ARBITRAJE Y AL NO REVISAR DE NOVO LA CONTROVERSIA JURÍDICA PLANTEADA, EN CONTRAVENCIÓN A LA NORMA ESTABLECIDA POR EL TRIBUNAL SUPREMO DE PUERTO RICO EN VÁZQUEZ V. CONSEJO DE TITULARES, 2025 TSPR 56, Y POR EL TRIBUNAL SUPREMO DE LOS ESTADOS UNIDOS EN LOPER BRIGHT ENTERPRISES V. RAIMONDO, 603 U.S. 369 (2024).

> SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONFIRMAR LA DETERMINACIÓN DEL LAUDO DE ARBITRAJE QUE IMPUSO UNA COMPENSACIÓN ADICIONAL O PENALIDAD AL AMPARO DEL ARTÍCULO 11 DE LA LEY NÚM. 180-1998, A PESAR DE QUE EL BONO DE NAVIDAD CONSTITUYE UN BENEFICIO REGULADO POR LEGISLACIÓN ESPECIAL, NO CONTEMPLADO POR DICHO ESTATUTO, Y DE QUE NI LA LEY NÚM. 34-1969, NI EL CONVENIO COLECTIVO, NI LA ESTIPULACIÓN DE LAS PARTES AUTORIZAN LA IMPOSICIÓN DE TAL PENALIDAD.

> TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA CONTROVERSIA QUEDABA RESUELTA POR LO DISPUESTO EN MORALES

TORRES V. JUNTA DE RELACIONES DEL TRABAJO, 119 D.P.R. 286 (1987), Y AL NO DISTINGUIR O REEXAMINAR LA APLICABILIDAD DE DICHO CASO ANTE LAS MARCADAS DIFERENCIAS FÁCTICAS Y JURÍDICAS DEL CASO DE AUTOS, INCLUYENDO QUE LA AUTORIDAD PAGÓ EL BONO DE NAVIDAD DISPUESTO EN LEY, ASÍ COMO LA VIGENCIA DE LA LEY 66, LA AUSENCIA DE UNA CONTROVERSIA SOBRE LA PENALIDAD EN MORALES TORRES Y EL IMPACTO DE LA DETERMINACIÓN SOBRE EL ERARIO.

El 25 de junio de 2026, la Unión compareció mediante "**Oposición a Petición de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR 314, 336 (2023). Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones

de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que

las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

La Ley Núm. 180-1998, según enmendada, mejor conocida como la "Ley de Vacaciones y Licencia por Enfermedad de Puerto Rico", 29 LPRA sec. 250 *et seq.*, (en adelante, la Ley Núm. 80) fue promulgada con el propósito de establecer determinadas protecciones laborales a favor de los trabajadores en Puerto Rico, incluyendo aquellas relacionadas con el pago de salarios y beneficios marginales, así como regular lo concerniente a las licencias de vacaciones y enfermedad. *Véase*, Exposición de Motivos de la Ley Núm. 180.

En lo aquí pertinente, el Artículo 9 de dicho estatuto dispone que todo obrero o empleado que reciba una compensación inferior a la que le corresponda en virtud de la propia ley, de un convenio colectivo o de un contrato individual de trabajo, tendrá derecho a reclamar judicialmente la diferencia adeudada hasta cubrir el importe total de la compensación correspondiente. 29 LPRA sec. 250i(a). Asimismo, podrá recobrar una suma adicional equivalente a la cantidad dejada de satisfacer, además de los costos, gastos, intereses y honorarios de abogado del procedimiento. Íd.

Así pues, la referida disposición reconoce una causa de acción a favor de aquellos empleados que hayan recibido una compensación inferior a la que les corresponde por concepto de salario, vacaciones, licencia por enfermedad o cualquier otro beneficio reconocido por ley, convenio colectivo o contrato individual de trabajo. Ello incluye aquellas reclamaciones relacionadas con beneficios económicos pactados entre las partes, tales como el bono de Navidad, cuando se alegue que el patrono satisfizo una cantidad menor a la que correspondía. De esta forma, el Artículo 9 de la Ley Núm. 180, *supra*, establece el mecanismo mediante el cual un empleado puede reclamar tanto las cuantías presuntamente adeudadas por su patrono como la compensación adicional provista por ley cuando alegue haber recibido una remuneración o beneficio menor al que tenía derecho.

**III.**

En el presente caso, la AAA nos solicitó la revocación de la *Sentencia* emitida por el TPI mediante la cual se ordenó el pago de una cuantía adicional equivalente a la suma dejada de pagar por concepto de bono de Navidad.

Los señalamientos de error planteados por la AAA se encuentran estrechamente vinculados entre sí, por lo que procede examinarlos de forma conjunta. En esencia, sostiene que el TPI incidió al: (1) conceder deferencia a las conclusiones de derecho contenidas en el *Laudo* de arbitraje y al no revisar de *novo* la controversia jurídica planteada; (2) al confirmar la determinación del *Laudo* que impuso una compensación adicional o penalidad al amparo de la Ley Núm. 180, *supra*, a pesar de que el bono de Navidad constituye un beneficio regulado por legislación especial, no contemplado por dicho estatuto, y de que ni la Ley Núm. 34-1969, ni el convenio colectivo, ni la estipulación de las partes autorizan la imposición de tal penalidad; (3) al concluir que la controversia quedaba resuelta por lo dispuesto en Morales Torres v. Junta de Relaciones del Trabajo, 119 DPR 286 (1987), y al (4) no distinguir o reexaminar la aplicabilidad de dicho caso ante las marcadas diferencias fácticas y jurídicas del caso de autos.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el TPI no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco la AAA demostró que el foro de instancia actuó con prejuicio o cometiera un error manifiesto en su determinación.

Ello adquiere especial pertinencia en el presente caso, toda vez que la controversia pendiente no versa sobre la procedencia del pago del bono de Navidad, asunto que quedó resuelto mediante los acuerdos alcanzados por las partes y recogidos en la *Sentencia Parcial* emitida por el foro de instancia. Más bien, la controversia se circunscribe a la corrección del remedio adicional concedido en el *Laudo* como consecuencia de haberse determinado que la AAA satisfizo a los empleados unionados una cantidad inferior a la que les correspondía por concepto de dicho beneficio. En ese contexto, resulta significativo que el Artículo 9 de la Ley Núm. 180, *supra*, reconozca al empleado el derecho a reclamar no solo las

cantidades adeudadas, sino también una suma igual a la dejada de satisfacer cuando recibe una compensación inferior a la que le corresponde en virtud de un convenio colectivo o contrato individual de trabajo, ya sea por concepto de salarios, vacaciones, licencia de enfermedad o cualquier otro beneficio adicional. Por consiguiente, no advertimos que el remedio concedido por el árbitro resulte incompatible con el esquema remedial contemplado por el legislador ni que el foro primario incidiera al denegar la solciitud de revisión del mismo interpuesta por la AAA.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la determinación judicial recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones